UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAUN FERGUSON,

        Petitioner,

                                          CASE NO. 14-14133
v.                                      HONORABLE GEORGE CARAM STEEH

LORI GIDLEY,

        Respondent.
_____/

**<u>ORDER GRANTING PETITIONER'S MOTION TO
HOLD HIS HABEAS PETITION IN ABEYANCE</u>** (Dkt. #3)
**<u>AND CLOSING THIS CASE FOR ADMINISTRATIVE PURPOSES</u>**

### I. Introduction and Background

On October 27, 2014, petitioner Shaun Ferguson filed a <u>pro se</u> habeas corpus petition and a motion to hold his habeas petition in abeyance. The habeas petition challenges petitioner's state convictions for second-degree murder, Mich. Comp. Laws § 750.317, felon in possession of a firearm, Mich. Comp. Laws § 750.224f, carrying a concealed weapon (CCW), Mich. Comp. Laws § 750.227, and possession of a firearm during the commission of a felony (felony firearm), Mich. Comp. Laws § 750.227b. The state trial court sentenced petitioner as a habitual offender to imprisonment for forty-five to seventy years for the murder conviction, five to fifteen years for the felon-in-possession and CCW convictions, and ten years for the felony firearm conviction.

In an appeal from his convictions, petitioner argued that (1) he was denied an opportunity to examine the government's confidential informant who arranged the purchase of the murder weapon, (2) the prosecutor misstated evidence in her rebuttal

-1-

argument, (3) the prosecutor's officer-in-charge testified directly on the issue of petitioner's guilt, (4) the prosecution withheld evidence that the police tampered with evidence before trial, and (5) the confrontation clause was violated when the trial court admitted AT&T records.  The Michigan Court of Appeals rejected these claims and affirmed petitioner's convictions in an unpublished, per curiam opinion.  See People v. Ferguson, No. 307666 (Mich. Ct. App. Mar. 19, 2013).  On October 28, 2013, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues.  See People v. Ferguson, 495 Mich. 880; 838 N.W.2d 694 (2013).

On October 22, 2014, petitioner signed and dated his habeas petition, and on October 27, 2014, the Clerk of Court filed the petition.  Petitioner is raising the same issues that he presented to the state courts.  In his pending motion for a stay, petitioner has asked the Court to hold his habeas petition in abeyance so that he can raise additional issues in the state trial court and then present all his claims to this Court in a single habeas corpus petition.

## II.  Analysis

State prisoners must exhaust their available state remedies before filing a habeas corpus petition in federal court.  28 U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel, 526 U.S. 838, 842, 845 (1999).  Nevertheless, if the Court were to dismiss Petitioner's habeas petition so that he can pursue state remedies for his unexhausted claims, a subsequent habeas corpus petition likely would be barred by the one-year statute of limitations.  See 28 U.S.C. § 2244(d).  "A prisoner seeking state postconviction relief might avoid this predicament, however, by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state

remedies are exhausted." Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005) (citing Rhines v. Weber, 544 U.S. 269, 278 (2005)).

Petitioner has filed a "protective" habeas corpus petition, and even though he has not listed the issues that he seeks to exhaust in state court, nor explained why he did not exhaust state remedies for all his claims before filing his habeas petition, he is not "engage[d] in abusive litigation tactics." Rhines v. Weber, 544 U.S. at 278.  The Court therefore **GRANTS** petitioner's motion to hold his habeas petition in abeyance.  (Dkt. #3).

This stay is conditioned on petitioner filing a motion for relief from judgment in the state trial court within **ninety (90) days** of the date of this order if he has not already filed such a motion.  The stay is further conditioned on petitioner filing an amended habeas corpus petition and a motion to re-open this case within **ninety (90) days** of exhausting state remedies if he is unsuccessful in state court.  An amended petition and a motion to re-open this case must list the same case number that appears on this order.  Failure to comply with the conditions of this stay could result in the dismissal of the habeas petition. Calhoun v. Bergh, 769 F.3d 409, 411 (6th Cir. 2014), petition for cert. filed, No. 14-7246 (U.S. Nov. 7, 2014).

Finally, the Court **ORDERS** the Clerk of the Court to close this case for administrative purposes.  Nothing in this order shall be construed as an adjudication on the merits of petitioner's claims.

Dated:  January 5, 2015

                                        s/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 5, 2015, by electronic and/or ordinary mail and also on Shaun Ferguson #472312, Oaks Correctional Facility, 1500 Caberfae Highway, Manistee, MI 49660.

s/Barbara Radke
Deputy Clerk